UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN KEENY PERALTA AYALA,

Petitioner,

v.

M. WOFFORD, et al.,

Respondents.

No. 1:26-cv-00555-DJC-AC

ORDER

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking release from the custody of Immigration and Customs Enforcement ("ICE"). Petitioner raises claims that are functionally identical to those this Court has already addressed in prior orders. Petitioner entered the country in 2022, and he was detained shortly after entry. (Pet. ¶ 7.) He was released from custody on his own recognizance. (*Id.*) Petitioner has now been re-detained by ICE. (*Id.* ¶ 8.) Petitioner's present re-detention was enacted without notice or an opportunity to be heard.

The Court's prior orders are dispositive on the issues raised in the Petition and Motion. *See Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CSD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025); *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL

1

3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-cv-01597-DJC-JDP, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025).  For the reasons stated in those cases, Petitioner has established that he has a likelihood of success on the merits. Petitioner has a clear liberty interest in his continued release.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents argue that Petitioner's present detention is justified under 8 U.S.C. § 1231 as an Immigration Judge ordered Petitioner removed on November 26, 2025. (Opp'n (ECF No. 7) at 2.)  But this is inaccurate as, by Respondents' own admission, Petitioner has appealed that order to the Board of Immigration Appeals who stayed Petitioner's removal.  (*Id.*)  Under section 1231(a), detention is required during the "removal period."  But that statute also explicitly provides that the removal period does not begin at least until the date the order of removal becomes administratively final.  8 U.S.C. § 1231(a)(1)(B)(i). "[I]f a non-citizen has received a stay of removal from the BIA pending further administrative review, then the order of removal is not yet 'administratively final.'  The non-citizen has not been 'ordered removed,' and the removal period has not begun, so § 1231(a) is inapplicable." *Rodriguez v. Robbins*, 804 F.3d 1060, 1086 (9th Cir. 2015) (internal citations omitted), *rev'd on other grounds sub nom.*, *Jennings v. Rodriguez*, 583 U.S. 281 (2018).  Respondents citation to *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008) is unpersuasive.  *Prieto-Romero* addresses an entirely different factual posture where a removal order is administratively final.  Petitioner's removal order is not final and thus the removal period has not begun.  *See* 8 U.S.C. § 1231(a)(1)(B)(i).

Respondents also contend that there are changed circumstances that warrant Petitioner's detention.  Based on the information provided by Respondents, this seems to be true.  Respondents state that Petitioner was arrested on September 15, 2025, in connection with unrelated criminal offenses.  (Opp'n at 3.)  Certainly, these are the sorts of subsequent events that might constitute a change in circumstances.  Nevertheless, for the reasons discussed above and in the Court's prior orders, Petitioner is still entitled to a hearing before a neutral decisionmaker who can determine whether Petitioner presents a risk of flight or danger to the community such that continued detention is warranted.[1]

Petitioner has also established irreparable harm based on the deprivation of constitutional rights via immigration detention.  *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012); *see also Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).  Respondents argue that Petitioner's TRO is improper as it seeks to alter the status quo.  (Opp'n at 3–4.)  The Court has heard and rejected similar arguments in the past.  *Doe v. Becerra*, 787 F. Supp. 3d 1083, 190 (E.D. Cal. 2025).  The Court rejects them for the same reasons here.  Respondents also argue that Petitioner cannot establish irreparable harm based on the delay in seeking relief.  (Opp'n at 4.)  Respondents are incorrect that a delay in seeking relief, let alone one of merely four months, renders detention less harmful or the need for relief less urgent.  Detained individuals are harmed each additional day they are deprived of their liberty.  Petitioner has thus established irreparable harm.

The balance of the equities and public interest are merged as the Government is the non-moving party, and these factors clearly weigh in Petitioner's favor.  *See Melendres*, 695 F.3d at 1002; *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) ("The government also cannot reasonably assert that it is harmed in any legally cognizable

---

[1] Respondents also argue that Petitioner is not a member of the *Maldonado Bautista* class.  As the Court does not grant on the basis of Petitioner's purported membership in that class, the Court does not address that issue here.

sense by being enjoined from constitutional violations." (internal citations and quotation marks omitted)); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037 (N.D. Cal. 2025) ("[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").

Accordingly, as all of the *Winter* factors weigh in Petitioner's favor, IT IS HEREBY ORDERED that:

1. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is converted to a Motion for Preliminary Injunction and GRANTED.

2. Within five (5) days of this Order, Petitioner shall be afforded a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a) before an Immigration Judge.  The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present.

3. The merits of this matter are referred to the assigned Magistrate Judge for all further pretrial proceedings.

IT IS SO ORDERED.

Dated:    **January 29, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

4